■ In the Matter of JOCAR REST. CORP., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination dated May 19, 1969, which canceled petitioner's on-premises liquor license. Determination annulled, on the law, without costs, and matter remitted to respondent for a further hearing and for reconsideration of the penalty to be imposed, as hereinafter indicated. In view of the fact that petitioner pleaded "no contest" to respondent's charges that the conduct of one of petitioner's stockholders was of such improper nature as to warrant revocation, cancellation or suspension of its license, and in view of the fact that petitioner's license had once previously been suspended for sale of alcoholic beverages to minors, in our opinion there was ample and formal warrant for disciplinary action on respondent's part. However, on the record, there is a troublesome question as to the severity of the punishment of cancellation, by reason of what we deem to be mitigating circumstances. So far as appears, petitioner's capital stock was equally owned by a husband and wife. Only the wife was the subject of respondent's charges of improper conduct, and such conduct consisted of alleged criminal acts on her part, committed off the licensed premises, and without the privy or aid of the husband. On the day of the hearing conducted by respondent, it was the wife who appeared and pleaded "no contest" to the charges. At the same time, she stated that on that very day the marital unity had been dissolved by a decree of divorce and that she was transferring all of her stock to the husband who would thereby become petitioner's sole stockholder. In imposing the drastic punishment of cancellation of license, respondent divided by a two to one vote. While two commissioners voted for cancellation, the dissenting commissioner voted to allow the licensee 90 days to remove "the objectionable partner", the wife, "and if such is not done, then to cancel the license." In our opinion, if in fact the husband was blameless in the offensive acts of the wife, and he is legitimately to remain as sole stockholder and owner of the licensee, the punishment of cancellation is too severe. However, the good faith of the transfer of the wife's stock was not developed in this record and, as the dissenting commissioner's vote implied, a factual inquiry on that subject matter would seem to be required, particularly in view of the fact that the wife, and not the husband, verified the petition initiating the instant article 78 proceeding. Under all of these circumstances, the matter should be remitted to respondent for a further hearing and proceedings as to the good faith of the transaction whereby the wife's stock has been or will be transferred to the husband, as sole stockholder, and, upon the development of facts relevant thereto, for reconsideration of the penalty. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.