■ In the Matter of WILLIAM SPIEGEL et al., Petitioners, v ROBERT P. WHALEN et al., Respondents.—Determination of the respondent, commissioner of health, revoking petitioners' operating certificate, dated March 17, 1976, unanimously annulled, on the law, without costs and without disbursements, and respondent is directed to restore such operating certificate and determination of respondent, Public Health Council, dated March 22, 1976, revoking the "establishment" issued to petitioners to operate the University Nursing Home, unanimously modified, on the law, to the extent of directing the respondents to permit the operation of the subject nursing home by petitioner, Eva Speigel, and otherwise affirmed, without costs and without disbursements. The conviction of William Spiegel of a felony in September, 1975 in and of itself, does not justify the actions taken by the respondents revoking the operating certificate and the "establishment" covering University Nursing Home. William Spiegel has surrendered his nursing home administrator's license and it is his wife, Eva Spiegel, herself a licensed nursing home administrator, who is now seeking to act as sole administrator of University Nursing Home. We are of the view that she should be permitted to so act. Respondents' hearing officer recommended dismissal of the proceeding to revoke petitioners' operating certificate, concluding that the "Statement of Charges fails to state a cause of action since conviction for a felony by one of the partners operating Respondent is not grounds under Section 2806 for action by the Commissioner". The commissioner's rejection of such recommendation and his revocation of the operating certificate was error and is not supported by the provisions of sections 2806 (subd 1) and 2805 (subd 2, par [b]) of the Public Health Law. The conviction of William Speigel is not one of the grounds set forth therein for revocation.

Total revocation of the approval of the "establishment" of the nursing facility cannot be sustained on the basis of the present record. Such "establishment" was granted to William and Eva Spiegel, as partners, and Eva's qualifications, integrity and ability remain untarnished. Nor is it argued that the care being offered by University Nursing Home is in any way inferior or inadequate. Eva should not be penalized for the isolated wrongs of her husband—nor should the patients in the home be made to suffer therefor. On this record we conclude that revocation constituted excessive and arbitrary punishment. (See *Matter of Jocar Rest. Corp. v State Liq. Auth.,* 33 AD2d 702.) Our views, as expressed above, are conditioned upon the direction that William Spiegel be in no way associated with the management, operation or affairs of University Nursing Home. Settle order on notice. Concur—Stevens, P. J., Birns, Capozzoli, Lane and Nunez, JJ.